Hall, J.
1. Where a child of ten years of age was seriously injured at a turn-table belonging to a railroad, and a witness who reached the spot a few minutes after the injury occurred, and who testified to circumstances tending to show that the turn table was the instrument by which the child was hurt, such as the appearance of fresh, warm blood, and pieces of flesh, torn from his limbs, being on the machine and in the pit under it and on the ends of the rails, it was error to refuse to- *112 .allow such witness to testify what the child said when he reached the place, as. to how she was hurt. Such statements were part of the res gestae. Nor did it matter as to their admission whether the child lived- or died. Code, §3773 and cit. ; Augusta Factory vs. Barnes, 72 Ga., (in press.)
L. F. Garrard, for plaintiff in error.
Peabody, Brannon & Battle, for defendant.
2. Negligence is a question peculiarly cognizible by the jury, and where there is evidence tending to show this, and which is notrebuttedby the same evidence, a non-suit should not be awarded. In the present case there was proof going to show that the plaintiff was injured by the defendant’s turn-table, and that it was negligently kept; that it was an exposed public place, much frequented, and that it was not secured by fastenings on the morning of the injury; nor will it authorize a non-suit because the father of the child was a night watchman at the depot, was kept awake all night and had promised to give such supervision and take such care of the defendant’s property at this yard as he could without entirely depriving himself of sleep during’ the day ; that he had gone home for his breakfast, and in his absence had left his son to watch and act for him.; and that the child was sent to carry breakfast to her brother. 43 Ga., 324; 26 Id., 617 ; 57 Id., 28 ; 5 Id , 172 ; 59 Id., 593; 63 Id., 488 ; 69 Id., 619 ; 70 Id., 256-
Judgment reversed.